David R. Yardley, Esq. (SBN 89927)
MAR VISTA LAW INCORPORATED
10683 Santa Monica Blvd.
Los Angeles, CA 90025
Telephone: (310) 924-5397

Attorney for Plaintiff, ALMA SALDIVAR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA SALDIVAR,<br><br>　　　　　PLAINTIFF,<br><br>　v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; THE DUNBAR ARMORED, INC. GROUP ACCIDENT INSURANCE PLAN; DUNBAR ARMORED, INC.; DOES 1 THROUGH 15, INCLUSIVE,<br><br>　　　　　DEFENDANTS. | CASE NO.:  2:20-CV-10646<br><br>**PLAINTIFF, ALMA SALDIVAR'S COMPLAINT FOR:**<br><br>1. **Violation of the Employee Retirement Income Security Act of 1974**<br>2. **Equitable Relief**<br>3. **Declaratory Relief**<br>4. **Pre- and Post-Judgment Interest**<br>5. **Attorney's Fees & Costs** |

Plaintiff, ALMA SALDIVAR alleges as follows:

### INTRODUCTION

1.　　This action is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq.

2.　　MIGUEL SANCHEZ was found dead on February 26, 2017 in Los Angeles, California.   Mr. SANCHEZ was discovered lying in the street in a pool

1

of his own blood, having suffered a blunt force trauma to his head perpetrated by an unknown assailant that was so profound the investigating officers who discovered his body mistook his injury for a gunshot wound. Without conducting any reasonable investigation into the facts and circumstances surrounding Mr. SANCHEZ's death, and despite overwhelming evidence establishing that Plaintiff, ALMA SALDIVAR is entitled to death benefits under two available accidental death policies, the Defendants herein have flagrantly violated their duties under ERISA in denying Plaintiff said benefits.

## JURISDICTION & VENUE

3.  Jurisdiction of this Court is based on ERISA, and in particular, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Such provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. This action may also be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

4.  Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and/or the breaches and violations described below occurred within the territorial limits of this District and/or a defendant may be found within the territorial limits of this District.

## PARTIES

5.  At all times relevant herein, Plaintiff, ALMA SALDIVAR is and was a competent adult residing in Los Angeles, California; and the sole "beneficiary" of the insurance policies at issue (described below) as that term is defined in 29 U.S.C. §1002(8).

6. At all times relevant herein, decedent, MIGUEL SANCHEZ, was an employee of Defendant, DUNBAR ARMORED, INC., and a fully vested, eligible "participant" in THE DUNBAR ARMORED, INC. GROUP ACCIDENT INSURANCE PLAN as that term is defined in 29 U.S.C. §1002(7).

7. Defendant, THE DUNBAR ARMORED, INC. GROUP ACCIDENT INSURANCE PLAN (hereafter "the Plan") is an employer-sponsored employee welfare benefit plan regulated by ERISA, established by Defendant, DUNBAR ARMORED, INC.

8. At all times relevant herein, Defendant DUNBAR ARMORED, INC. is and was a Maryland Corporation conducting business throughout the State of California, the employer of decedent, MIGUEL SANCHEZ, and the "administrator" of the Plan as that term is defined in 29 U.S.C. §1002(16)(A).

9. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania and authorized to transact and transacting the business of insurance in the County of Los Angeles, State of California, identifying itself using the registered service mark "CIGNA Group Insurance". At all relevant times, Defendant LINA was a fiduciary of the Plan within the meaning of 29 U.S.C. 1002(21), in that LINA acted as a claims fiduciary for the Plan, and exercised authority and control over the payment of benefits. DUNBAR ARMORED, INC. contracted with LINA as to the determination and claim administration of accidental death benefits to beneficiaries such as Plaintiff, and is consequently liable under 29 U.S.C. § 1132(a)(1)(B), pursuant to *Cyr v. Reliance Standard Life Ins. Co.* (9th Cir. 2011) 642 F.3d 1202. LINA is also the "appropriate named fiduciary" of the Plan as described in 29 C.F.R. § 2560.503-1(h)(1). LINA is and was also the insurer of the Plan.

10. The true names or capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 15, inclusive, are

unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. At all times relevant herein, each of the DOE Defendant was the agent, servant, representative and/or employee of each of the remaining Defendants and was at all times acting within the course and scope of such agency or employment, or was in some way the cause of Plaintiff's damages.

11. Upon information and belief, DOES 1 through 10, each of them, are believed to be citizens of the State of California, doing business in the State of California. Upon information and belief, DOES 11 through 15, and each of them, are believed to be business entities, of business forms to be discovered, with their principal place of business in the State of California, doing substantial business in the State of California, having more than minimal contacts with the State of California, whether or not actually registered to do business in the State of California with the State of California.

**GENERAL ALLEGATIONS**

12. On February 26, 2017, MIGUEL SANCHEZ was the victim of a homicide in Los Angeles, California. His death was the direct and proximate result of a blunt force trauma delivered by unknown assailants.

13. At the time of his death, MIGUEL SANCHEZ was an employee of Defendant, DUNBAR ARMORED, INC., and a participant of the Plan.

14. LINA is and was the insurer of benefits on two of the Plan's accidental death policies with respective policy numbers OK 966631 and OK 966670 (the "Policies").

15. At all times relevant herein, MIGUEL SANCHEZ was a "Covered Person" as defined under the Policies; his accidental death was a "Covered Accident" as defined under the Policies; and his accidental death was a "Covered Loss" as defined under the Policies.

16.     Plaintiff, ALMA SALDIVAR is MIGUEL SANCHEZ's sole beneficiary under the subject Plan and Policies, and Plaintiff accordingly made a timely and proper claim for all the accidental benefits due under the Policies.

17.     LINA was made aware of Plaintiff's claim for Plan benefits on May 11, 2017.

18.     Plaintiff, ALMA SALDIVAR provided LINA with all requested information, and otherwise fully cooperated and complied with all requirements of the Plan and the Policies.

19.     Over two years later, on October 8, 2019, LINA denied Plaintiff, ALMA SALDIVAR's claim for all benefits under the Policies; this decision was based on an improper and incomplete investigation, a deliberate misinterpretation of available evidence, a misreading of the Policies terms, a misapplication of applicable law, and was otherwise clearly and flagrantly erroneous.

20.     Plaintiff timely appealed LINA's denial on April 24, 2020, and included with her appeal additional and supplementary evidence, importantly including a declaration under penalty of perjury by David M. Posey, M.D. of Glenoaks Pathology Medical Group, Inc., a forensic pathologist, that conclusively establishes the error of LINA's denial of benefits to the Plaintiff.

21.     Despite objective and overwhelming evidence that the decedent was a Covered Person, his death was the result of a Covered Accident, and his death was a Covered Loss, LINA upheld its denial on June 24 2020 without rational or credible explanation.

22.     Thus, accidental death benefits remain due and owing to the Plaintiff under the provisions of both Policies and the Plan; however, the Defendants, and each of them, have improperly failed to pay these benefits to the Plaintiff, ALMA SALDIVAR in clear violation of the terms of the Policies, the Plan, and the legal requirements of ERISA.

23. This court should review Plaintiff's claim to benefits herein *de novo*. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 552-53 (9th Cir.), cert denied, 516 U.S. 908, 116 S. Ct. 276, 133 L. Ed. 2d 197 (1995) (citations omitted). "Language is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire … agreement." *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2nd Cir.2002) (citation omitted); *see also Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 840 (9th Cir. 1995) (ambiguity exists "if, on the face of the contract, two reasonable and fair interpretations are possible.") "ERISA insurance policies are governed by the rule that ambiguous language is construed against the insurer and in favor of the insured." *McClure*, 84 F.3d at 1134, *citing Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 539-40 (9th Cir.) (as amended), cert denied, 498 U.S. 1013, 111 S. Ct. 581, 112 L. Ed. 2d 587 (1990); *see also Perreca v. Gluck*, 295 F.3d 215, 223 (2nd Cir.2002); *Simkins v. NevadaCare, Inc.*, 229 F.3d 729, 735 (9th Cir.2000), cert denied, 532 U.S. 957, 121 S. Ct. 1484, 149 L. Ed. 2d 372 (2001) (citing *McClure*).

24. Prior to filing the instant lawsuit, the Plaintiff exhausted all administrative remedies; and Defendant, LINA expressly agreed to extend the time to file the instant lawsuit to November 26, 2020.

## FIRST CAUSE OF ACTION:

## Violation of the Employee Retirement Income Security Act of 1974

25. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

26. Defendants, and each of them, have wrongfully denied Plaintiff, ALMA SALDIVAR's claim for benefits under the Policies in violation of ERISA, and other applicable law, by various acts and omissions, including:

    a. Failure to pay the accidental death benefits to Plaintiff at a time when they knew, or should have known, that Plaintiff was entitled to those

benefits under the terms of the Plan, as Plaintiff was a beneficiary under the Plan, and MIGUEL SANCHEZ was a Covered Person, his death was the result of a Covered Accident, and his death was a Covered Loss as defined under the Policies;

b. Withholding the accidental benefits from Plaintiff knowing Plaintiff's claim was valid;

c. Failing, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

d. Failing to adequately investigate Plaintiff's claim, in spite of the fact that there was significant evidence of a covered loss;

e. Failing to apply the law applicable to the Plan and the Policies;

f. Failing to apply the terms of the Plan and the Policies; and

g. Deliberately misconstruing and misinterpreting evidence, facts, and expert opinion to wrongfully avoid paying benefits to the Plaintiff.

27. Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, wrongfully denied her benefits under the Policies and the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will make Defendants aware of once said acts or omissions are discovered by Plaintiff.

28. Following the denial of Plaintiff's claim under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiffs part to be performed under the Plan and the Policies.

29. As a proximate result of the aforementioned wrongful conduct of the Defendants, and each of them, Plaintiff has suffered damages for loss of the benefits in a total sum to be shown at the time of trial.

30. As a further direct and proximate result of this improper determination regarding Plaintiff's claim, Plaintiff in pursuing this action has been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

## SECOND CAUSE OF ACTION:
### Equitable Relief

31. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

32. As a direct and proximate result of the failure of the Defendants, and each of them, to pay accidental benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff restitution of all past benefits due to Plaintiff under the Plan and the Policies, pursuant to 29 U.S.C. § 1132(a)(1)(B); plus pre-judgment and post-judgment interest at the lawful rate.

## THIRD CAUSE OF ACTION:
### Declaratory Relief

33. Plaintiff realleges and incorporate by reference, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

34. A controversy now exists between the Defendants, and each of them, on the one hand, and Plaintiff on the other, as to whether MIGUEL SANCHEZ died as a result of an accident under the terms of the Plan and the Policies.

35. Plaintiff seeks a declaration by this Court that MIGUEL SANCHEZ was a Covered Person, his death was the result of a Covered Accident, and his death was a Covered Loss as defined under the Plan and the Policies.

36. Plaintiff further seeks a declaration by this Court that if in fact MIGUEL SANCHEZ was a Covered Person, his death was the result of a Covered

Accident, and his death was a Covered Loss as defined under the Plan, that all benefits provided under the Plan be awarded to Plaintiff.

**WHEREFORE**, Plaintiff, ALMA SALDIVAR prays for judgment against the Defendants:

1. For statutory damages, and an award of all benefits due Plaintiff under the provisions of the Plan and the Policies;
2. For declaratory relief as requested herein;
3. For equitable relief as requested herein;
4. For reasonable attorney's fees and costs to the extent permitted by law;
5. For pre-judgment interest and post-judgment interest;
6. For such further and other relief as the court deems just and proper.

DATED: November 22, 2020        MAR VISTA LAW INCORPORATED

By: _____
DAVID R. YARDLEY, ESQ.
Attorney for Plaintiff, ALMA SALDIVAR